## BOZZONI v. WOODWARD.

*(Supreme Court, General Term, Second Department.   July 18, 1890.)*

1. SALE—ACCEPTANCE.

   Defendant looked at a book of cuts of carriages sold by plaintiff, and selected one to be sent to her.   In an action for the price of the carriage, plaintiff testified that he showed to defendant a carriage which she said was just what she wanted, and that she directed certain alterations to be made, and that the carriage be delivered on board a steamer for shipment to her.   The alterations were to be paid for in addition to the price originally fixed for the carriage.   *Held,* that a finding of the jury that the carriage was accepted by defendant was justified.

. 2. SAME—DELIVERY.

   Plaintiff testified that he delivered the carriage on board the steamer designated by defendant, directed to her address, and that he afterwards saw the same carriage in possession of defendant's counsel.   Defendant claimed that the carriage which she received was not the one ordered by her.   *Held,* that there was sufficient proof of a delivery.

Appeal from Orange county court.

Action by Lewis J. Bozzoni against Frances M. Woodward to recover the price of a carriage sold to defendant.   The latter went to plaintiff's carriage manufactory, looked at a book of cuts of carriages, and selected one to be sent to her.   Plaintiff testified that afterwards defendant went to his shop, and was shown a carriage, and that she said "it was just the article she wanted, and she would take it.   Defendant ordered the steps of the carriage to be padded, and told plaintiff to deliver it to a certain line of steamers, directed to her at her residence.   The expense of the padding was to be paid for, in addition to the price originally agreed upon for the carriage.   Plaintiff testified that he shipped the carriage in question as directed, and that he afterwards saw it in the possession of defendant's counsel.   Defendant claimed that she never received the particular wagon which she approved at the shop.   Judgment was given for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Miller,* for appellant.   *William D. Dickey,* for respondent.

PRATT, J.   The testimony was sufficient to authorize the jury to find that the carriage was accepted when defendant saw it at Newburgh.   Directing alterations to be made did not necessarily disprove acceptance.   On the contrary, the jury might well consider it to be further evidence in that direction.   The delivery in pursuance to defendant's direction was also proved.   Judgment affirmed, with costs.